FILED
SUPERIOR COURT
OF GUAM

2019 JUL -5 PM 4: 47

CLERK OF COURT

BY:_____



## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOANN BAMBA,<br><br>Plaintiff,<br><br>vs.<br><br>LUIS E. BUSTAMANTE dba J.J. GLOBAL SERVICES,<br><br>Defendant. | CIVIL CASE NO. CV0352-18<br><br>**DECISION AND ORDER** |

### INTRODUCTION

This matter is before the Honorable Vernon P. Perez on Plaintiff Joann Bamba's ("Plaintiff") Motion to Compel Complete Discovery Responses ("Motion to Compel"). Attorney John Richard Bordallo Bell represents Plaintiff, and Attorney Edwin J. Torres represents Defendant Luis E. Bustamante dba J.J. Global Services ("Defendant"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

### BACKGROUND

Plaintiff seeks monetary damages for Defendant's alleged violations of Guam's Fair Labor Standards Act during her employment by Defendant as a janitor from 2014 to 2017. *See generally*, Compl., Apr. 6, 2018.[1] Plaintiff alleges that Defendant was in violation of the Fair

---

[1] Plaintiff's Verified Complaint also sought damages based on Bamba's Wrongful Constructive Discharge in Violation of Public Policy. Count II was dismissed by the Court on December 12, 2018, after finding that Plaintiff failed to articulate a clear public policy as required under Guam law. *See* Dec. & Order, Dec. 12, 2018.

Labor Standards Act because she was forced to work more than six hours straight with no break and was not paid overtime when she exceeded forty work hours per week. *Id.* Plaintiff alleges that she is entitled to treble damages for all unpaid wages pursuant to 22 G.C.A. § 3219, as well as attorney's fees and costs pursuant to 22 G.C.A. § 3218. *Id.* at ¶ 51. Plaintiff further alleges that Defendant owed Plaintiff compensation in the form of health insurance which was fraudulently withheld in addition to Plaintiff's regular and overtime wages and benefits. *Id.* at ¶ 52.

On February 25, 2019, Plaintiff filed the instant Motion to Compel. On March 25, 2019, Defendant filed its Opposition. On April 8, 2019, Plaintiff filed her Reply.

## DISCUSSION

Under Guam law, parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Guam R. Civ. P. 26. Interrogatories and requests for production of documents may be served upon a party on matters within the scope of Rule 26. *See* Guam R. Civ. P. 33, 34.[2] A party seeking discovery may move for an order compelling an answer, designation, production, or inspection if "a party fails to answer an interrogatory submitted under Rule 33, or if a party, in response to a request for inspection submitted under Rule 34, fails to respond that inspection will be permitted as requested or fails to permit an inspection as requested." Guam R. Civ. P. 37(a)(2)(B). "[A]n evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." Guam R. Civ. P. 37(a)(3). Procedurally, the "motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action." Guam R. Civ. P. 37(a)(2)(B). The Local Rules of the Superior Court of Guam further provide

---

[2] These rules of civil procedure are adopted from their like-numbered counterparts in the Federal Rules of Civil Procedure, and are virtually identical to them. *Compare* Guam R. Civ. P. 26, 33, 34, and 37 *with* Fed. R. Civ. P. 26, 33, 34, and 37. Where the Guam Rules of Civil Procedure mirror their corresponding Federal Rules of Civil Procedure, cases that interpret the applicable Federal Rules of Civil Procedure are instructive. *Pelowski v. Taitano*, 2000 Guam 34 ¶ 12.

---

*Bamba v. Bustamante dba JJ Global Services*
Case No. CV0352-18
Decision and Order

that prior to filing a motion to compel discovery, counsel for the parties must meet or attempt to meet in good faith in effort to eliminate the need for hearing on the motion. *See* Super. Ct. Guam R. 37.1(a). If they are unable to resolve the dispute, the respective counsel must create a written stipulation specifying "separately and with particularity each issue that remains to be determined at the hearing." *Id.* The Court does not have before it a stipulation from the parties' counsel specifying the issues remaining, however, the Court notes that the parties' briefing indicates clearly which interrogatories, admissions, and requests for production of documents are at issue.

## A. Interrogatories

Interrogatories three, five, and seven are at dispute in this Motion to Compel. *See* Mot. Compel at 17-21, Feb. 25, 2019. Plaintiff argues that Defendant's answers to these interrogatories are incomplete and/or evasive. *Id.*

### 1. Interrogatory No. 3

Interrogatory three reads as follows:

Please identify all the names, positions and descriptions of duties and responsibilities of all supervisory or janitorial employees for every year of plaintiff's employment, including the names of all persons that were under supervision of each supervisor for every year, as well as their last known telephone number, email address, and mailing address.

(Mot. Compel, Ex. 1 at 4). Defendant's objected to this interrogatory because "it is overly broad and the likely benefit of the information sought is so slight compared to the burden on Defendant if discovery is allowed." (Mot. Compel, Ex. 2 at 2). Subsequent email correspondence between the parties' respective counsel indicate Defendant further objecting on the basis that any information regarding other employees would not have any bearing on whether Plaintiff was classified incorrectly. *See* Mot. Compel, Ex. 9.

Plaintiff argues that the information sought in interrogatory number three is relevant and important because "a central issue of the entire case is whether Bamba was misclassified as an overtime exempt manager and was thus denied wages." (Mot. Compel at 18). Plaintiff argues that a review of the internal structure of the janitors and janitorial supervisors can validate the

allegations through witness testimony and other evidence setting forth Defendant's compensation system. *Id.* Defendant, in opposition, argues that "[r]eviewing the internal structure of [JJ Global Services] will not provide Plaintiff with any information relevant to her claims of misclassification. Plaintiff was either misclassified or not – regardless of what job duties others at JJGS had while Plaintiff worked [there]." (Opp'n at 2, Mar. 25, 2019).

Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 350 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). "Discovery of matter not reasonable calculated to lead to the discovery of admissible evidence is not within the scope of Rule 26(b)(1). Thus, it is proper to deny discovery of matter that is relevant only to claims or defenses that have been stricken, or to events that occurred before an applicable limitations period, unless the information sought is otherwise relevant to issues in the case." *Id.* at 351-52. "[W]hen an objection arises as to the relevance of discovery, the court would become involved to determine whether the discovery is relevant to the claims or defenses, and, if not, whether good cause exists for authorizing it, so long as it is relevant to the subject matter of the action." *In re Subpoena to Witzel*, 531 F.3d 113, 118 (1st Cir. 2008) (quotation marks and citation omitted). When discovery sought appears to be relevant on its face, the party resisting the discovery has the burden to establish that it does not come within the scope of relevance as defined under Rule 26(b)(1). *Johnson v. Kraft Foods North America, Inc.*, 236 F.R.D. 535, 541 (D. Kan. 2006).

The Court finds the information requested in interrogatory number three to be relevant in this matter and orders Defendant to fully respond to interrogatory number three within thirty (30) days of the issuance of this Decision and Order.

### 2. Interrogatory No. 5

Interrogatory number five reads as follows:

Please describe in detail your accounting for each and every month of Plaintiffs employment at JJGS with regard to hours worked per week and doing each specific assignment.

(Mot. Compel, Ex. 1 at 4). Defendant responded to this interrogatory by providing payroll documents bate stamped JJGS000101-JJGS000102 and JJGS000155. (Mot. Compel, Ex. 4 at 3). Plaintiff, in response to Defendant's submission of payroll documents, argued that this answer was "non-responsive." *See* Mot. Compel at 18; Mot. Compel, Ex. 9. Plaintiff further sets forth that she is "merely asking Bustamante to provide his best estimate, having done some basic due diligence, to estimate how much time she spent doing what actions, on a month to month basis, which is critical for discerning liability in this matter." (Mot. Compel at 20). Plaintiff notes that during Bustamante's deposition, he "repeatedly claimed to not recall when [Plaintiff] worked or what she did." (Reply at 5 (citing Bustamante Depo. at 12, 13, 56, 99-102, Feb. 1, 2019)).

The Court finds that Defendant's response to interrogatory number five to be non-responsive, and orders Defendant to fully respond to the interrogatory within thirty (30) days of the issuance of this Decision and Order.

### 3. Interrogatory No. 7

Plaintiff's interrogatory number seven requests as follows:

> Please provide broken down by each month of Plaintiff's employment, JJGS best estimate of the percentage of time Plaintiff spent performing manual labor as opposed to managerial or supervisory functions in the course of her employment at JJGS.

(Mot. Compel, Ex. 1 at 4). Defendant's answer was as follows:

> Plaintiff, if she did her job properly as supervisor, should have only done manual work when necessary if and when an employee she oversaw called in sick and in order to complete the tasks of the accounts she oversaw. Therefore, the answer is zero.

(Mot. Compel, Ex. 4 at 3). Plaintiff argues that this answer is non-responsive, and that "JJGS refuse[s] to disclose information as to an estimate what and when does Bamba perform[] manual labor as opposed to managerial or supervisory duty." (Mot. Compel at 20). Defendant argues that he "should not be forced to provide an 'estimate' of what days [Plaintiff] may have worked manual labor – that is her burden." (Opp'n at 4). Defendant also cites to the deposition of Mr. Bustamante, whereby "Plaintiff had the opportunity to develop Defendants' position on

this issue, and Defendant informed Plaintiff that [her] recommendations were given great weight." *Id.* (citing Bustamante Depo. at 122-27, Feb. 1, 2019).

The Court finds Defendant's answer to be incomplete and therefore non-responsive. Even if Plaintiff would typically not have done manual work according to Defendant, Defendant can still provide Plaintiff with percentages of estimated time Plaintiff spent performing manual labor based on Defendant's records of other employees supervised by Plaintiff calling in sick. Therefore, the Court orders Defendant to fully respond to interrogatory number seven within thirty (30) days of the issuance of this Decision and Order.

## B. Admissions

Plaintiff next moves the Court to compel complete responses to her requests for admissions numbers thirty-one through thirty-six. *See* Mot. Compel at 21-25. Plaintiff argues that Defendant's responses are incomplete and/or evasive. *Id.* "A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request." Guam R. Civ. P. 36(a). The six admissions at issue in the instant Motion to Compel involve statements that Defendant violated federal contracting requirements with NAVFAC. *See id.;* Mot. Compel Ex. 2. Specifically, Plaintiff requests that Defendant:

31. Admit JJGS can only use US products in their contract with NAVFAC.

32. Admit that using non-US product in contract JGSS had with NAVFAC is a federal violation.

33. Admit on at least one occasion you falsified the credentials of your employees.

34. Admit that you falsified one such set of credentials by copy and pasting certificates from a past employee to another newer employee's resume to make them appear to be the Quality Control Alternate for NAVFAC.

35. Admit that newer employee had no such credentials that would meet federal contracting requirements.

36. Admit you falsified these credentials in order to create the appearance of meeting a federal contracting requirement.

(Mot. Compel, Ex. 2 at 4). Defendant objects to each of the six admissions, arguing that the requests are not relevant to Plaintiff's allegations in the instant matter, and that the requests are made to harass, embarrass, or threaten Defendant. *See* Opp'n at 5-6; Mot. Compel, Ex. 5. Plaintiff argues that these admissions are relevant because Defendant's credibility is a key issue in this case. (Mot. Compel at 21-25). The Court does not find these admissions to be relevant and denies this portion of Plaintiff's Motion to Compel.

## C. Production of Documents

Lastly, Plaintiff moves the Court to compel Defendant to produce the following:

12. Please produce all documents relating to communications between JJGS personnel, agents, managers, supervisors, attorneys and Plaintiff relating to unpaid regular or overtime wages in the ten (10) years.

[and]

18. Please produce all time sheets kept for any supervisors and janitors in the last five (5) years.

(Mot. Compel at 26-27).

## 1. Request for Production of Documents No. 12

Defendant initially objected to request for production of documents number twelve because "it invades the attorney's work product. Such information is protected by the Guam Rules of Civil Procedure, in that it constitutes the mental impressions, conclusions, opinions or legal theories of an attorney." (Mot. Compel, Ex. 6). Defendant later stated that he would "conduct another review and produce any documents that do not invade the privilege." *See* Opp'n at 6; Mot. Compel, Ex. 9. Subsequent email correspondence between counsels indicated that Defendant did not find any documents. *See* Mot. Compel, Ex. 9 at 7. *See also* Opp'n at 6 ("Defendant answered, 'We have not found any documents.' Defendant is not sure why Plaintiff did not take this statement to mean that Defendant had conducted a review and has no responsive documents."). In Reply, Plaintiff clarifies that she "requested either documents or a

clear statement from the Defendant that after a diligent search, nothing was found." (Reply at 8, Apr. 8, 2019) (emphasis in original).

The Guam Rules of Civil Procedure provide that:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Guam R. Civ. P. 26(b)(5). The Court finds that Defendant has not responded to request number twelve with an express claim that the items consist of privileged material, nor has Defendant described the nature of the documents or items not produced due to the privilege. Defendant shall respond to the request in accordance with GRCP Rule 26(b)(5) within thirty (30) days of the issuance of this Decision and Order.

## 2. Request for Production of Documents No. 18

Next, Defendant objects to request for production of documents number eighteen because "the likely benefit of the information sought is so slight compared to the burden on Defendant if discovery is allowed." (Mot. Compel, Ex. 6). Defendant argues that "the records of other employees have no bearing on whether Plaintiff is due any wages" and that she "was either paid correctly or incorrectly – regardless of the time sheets kept by her fellow employees." (Opp'n at 6-7).

Under the Guam Rules of Civil Procedure:

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that . . . the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Guam R. Civ. P. 26(b)(2)(iii). Here, Plaintiff argues that these documents are important because they address key issues in this case under 22 GCA § 3219. (Reply at 8-9). Section 3219, Penalties, provides:

(a) Except for government entities, any employer who fails to pay one (1) or more employees wages when due or who underpays an employee shall pay punitive damages to the employee of three (3) times the wages due, unless the employer can establish, as an affirmative defense in equity, by a preponderance of the evidence, that:

(1) In the case of non-payment, the employer did not have the ability to pay the wages due; and
(2) The employer complied with all other provisions of this Chapter; and
(3) There was no fraud committed against any employee by the employer in the computation of wages; and
(4) The employer was in substantial compliance with all territorial and federal laws as to wage and hours matters relating to employees, and that any non-compliance was in good faith; and
(5) In the case of non-payment, managers or officers of the employer were not given priority in the disbursement of wages or allowances; and
(6) In the case of non-payment, the employer complied with the requirements of § 3213 this Code; and
(7) The employer comes before the court with clean hands; and
(8) In the case of an underpayment, the underpayment was a good faith error with no intent to defraud.

22 G.C.A. § 3219(a). The Court finds these records to be relevant and important to Plaintiff's case, and orders Defendant to turn over this discovery to Plaintiff within thirty (30) days of the issuance of this Decision and Order.

**D. Attorney's Fees & Costs**

Plaintiff requests an order for reasonable attorney's fees and costs and sanctions to be determined by the Court for Defendant's failure to reply to interrogatories, requests of admission or to produce all documents. The Court reserves on the issue of attorney's fees and costs until the conclusion of Bench Trial in this matter.

## CONCLUSION

For the foregoing reasons, the Court hereby GRANTS IN PART and DENIES IN PART Plaintiff's Motion to Compel Complete Discovery Responses. The Court grants Plaintiff's Motion to Compel as to Interrogatories No. 3, 5, and 7 and Request for Production of Documents No. 12 and 18 and denies Plaintiff's Motion to Compel as to Admissions No. 31-36.

Further Proceedings are set for _____ at 2:00 p.m.

**AUG 0 8 2019**

**IT IS SO ORDERED** this 5th day of July, 2019.


HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA U.S.

I acknowledge that a duly
certified hereto was placed in the
custody of ___

*civ./le*
*psc*
Date: 7/5/19 Time: 3r1

Deputy Clerk, Superior Court of Guam

*Bamba v. Bustamante dba JJ Global Services*
Case No. CV0352-18
Decision and Order